ELI STATON *v.* ARABELLA F. NEW.

1. MARRIED WOMEN—ABILITY AND DISABILITY OF TO CONTRACT.—A married woman occupies a peculiar position and relation in our jurisprudence: She may be the legal owner of property and incur obligations enforceable in a court of law; She may be the *cestui que trust* of an estate with such power to charge it as are recognizable in courts of equity. If she owns property at the time of her marriage, or acquires it afterwards, in any of the modes known to the law, for many purposes she deals with it as a *feme sole;* and as to all others she is subject to the disibility of coverture. Whitworth v. Carter, 43 Miss. R., 61; Foxworth v. Bullock, 44 Miss. R., 457; Bank of La. v. Williams, *et. ux.,* 46 Miss. R., 625.

2. EFFECT OF ART. 24 OF CODE, 1857.—This statute required, when a married woman purchased property, that it should be paid for with her own money, which she had at her marriage, or which accrued to her afterwards, as revenues of her estate, or otherwise. She could buy with ready money, but she could not make an obligation to be discharged at a future day; as to that she was under the disability of coverture.

3. RULE WHERE MARRIED WOMEN BUY PROPERTY ON CREDIT.—The rule of the decisions in this State is: That when a married woman buys property on credit, although she may take the title by deed, she cannot be allowed to set up her coverture when called upon for the deferred payment, and at the same time retain the land.

4. COVERTURE: A BAR.—Coverture is a good defense to a suit for the specific performance of an executory contract, for the purchase of land.

5. CASE IN JUDGMENT.—The bill should have been in the alternative, to enforce the contract, if the wife choose to adhere to it, or to cancel and annul it, if she elected to repudiate it, because of her disability.

Appeal from the chancery court of Tallahatchie county. Hon. J. F. SIMMONS, chancellor.

The opinion of the court contains a sufficient statement of the case.

*W. H. Fitzgerald,* for appellant, cited Foxworth v. Bullock *et al.,* 44 Miss., 457; Gordon *et al.* v. Manning, ib., 756, as decisive of this case.

*Harris & George,* for appellees, contended: 1. That complainant had full, ample and adequate remedy at law. 2. That a plea of coverture is sufficient bar to an action against a married woman, on a promissory note, or any other promise made by her to pay for land or goods bought on a credit, citing Whitworth v. Carter, 43 Miss., 61; Foxworth v. Bullock, 44 ib., 457; Gordon v. Manning, ib., 756.

SIMRALL, J., delivered the opinion of the court:

The question (stated in the abstract) which arises upon this record is, whether a bill for the specific performance of a contract of sale of land, can be sustained against a *feme covert,* the purchaser.

Arabella F. New entered into a written contract with Eli Staton, by which she agreed to purchase a tract of land for $1,800.00 of which sum $600.00 was paid in cash, and the residue was postponed in two equal annual installments. Staton executed an obligation to convey a good and perfect title

on payment of the purchase money. He alleges that he has signed, sealed and acknowledged a deed, and tendered it to Mrs. New, at the same time demanding payment of the purchase money, all of which is past due. He repeats the offer of his deed with his bill. The prayer is, that Mrs. New be required to pay the balance of the debt; and, upon failure, that the land may be sold to pay the same. Mrs. New pleaded her coverture. The question is as to its sufficiency to bar the relief. The ability, as well as the disability, of a married woman to contract, has been so frequently considered in this court, that the general subject is, perhaps, at rest by adjudications. The *feme covert* occupies a peculiar position and situation in our jurisprudence. She may be the legal owner of property, and incur obligations enforceable in a court of law. She may be the *cestui que trust* of an estate, with such power of charging it as are recognized by courts of equity. If she owns property at the time of the marriage, or acquires it afterwards, in any of the modes known to the law, for many purposes, she deals with it as a *feme sole;* and, as to all others, she is subject to the disability of coverture. Whitworth v. Carter, 43 Miss. Rep., 61; Foxworth v. Bullock, 44 Miss., 457; Bank of Louisiana v. Williams *et ux.,* 46 Miss., 625, *et seq.*—and the cases cited furnish a copious discussion of the subject, as also varied application of the principles.

Among the lessons to be deduced from the authorities, perhaps the most important is, to study first the nature of the demand or contract sought to be enforced against the *feme covert;* and, secondly, examine what estate she owns, and by what tenure she holds, whether her rights of dominion are defined by the statutes, or by some will or deed which confers the property.

The contract made by Mrs. New, was to purchase real estate, in part upon credit. It is, in that aspect of it, precisely like Whitworth v. Carter, 43 Miss., 72, where it was held that, although a married woman might acquire property by

" purchase," yet the 24th art. of the Code of 1857, p. 336, intended that it should be paid for " with her own money, which she had at her marriage, or which accrued to her afterwards, as revenues of her estate, or otherwise." She could buy with ready money, but she could not make an obligation to be discharged at a future day. As to that, she was under the disability of coverture. The statutes did not enfranchise her so as to confer capacity to engage in such risky bargains. The cases of Gordon v. Manning, 44 Miss., 760, and Foxworth v. Bullock, ib., 764, are analagous in some features to the one before us. Both announce the principle, that the married woman may take the title, by deed, and that she should not be tolerated to set up her coverture, when called upon for the deferred payment, and at the same time retain the land. In the former case, Mrs. Gordon paid half the price down, when the conveyance was made; to a bill seeking payment of the balance out of the land, Mrs. Gordon pleaded her coverture. We thought that it would be inequitable to dismiss the bill, leaving her with the legal title and the purchase money unpaid; but enforced the lien for the unpaid part, holding that if there should be a residue, after sale of the land, Mrs. Gordon was not responsible, personally, or her separate estate for it.

The complainant appeals to a court of equity to compel the *feme covert* to specifically perform her contract by paying the money and accepting the deed; or, if she declines, then that the land may be sold to raise money.

The obligation of the married woman was " *ultra vires.*" It was an engagement beyond her capacity to make. The complainant still retains the legal title, and can repossess himself of the land by suit at law. This is not a case where the complainant is embarrassed by having conveyed the title to the *feme.* A court of equity must decline to carry into completion a contract voidable for the disability of one of the parties, where the disability is pleaded by the defendant.

The bill ought to have been in the alternative, to enforce the contract, if Mrs. New chose to adhere to it, or to cancel and annul it, if she elected to repudiate it because of her disability. In the latter aspect the complainant might have been relieved. As the bill was framed, the defense is good.

Decree affirmed.